# MATTER OF ANDERSON

## In Deportation Proceedings

## A-42057285

### Decided by Board September 30, 1994

(1) A conditional permanent resident alien who seeks to remove the conditional basis of that status by means of a waiver under section 216(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4) (1988), should apply for any applicable waiver provided under that section.

(2) An alien whose application for a specific waiver under section 216(c)(4) of the Act has been denied by the Immigration and Naturalization Service may not seek consideration of an alternative waiver under that section in deportation proceedings before the immigration judge.

(3) Where an alien becomes eligible for an additional waiver under section 216(c)(4) of the Act due to changed circumstances, the proceedings may be continued in order to give the alien a reasonable opportunity to submit an application to the Service.

(4) Inasmuch as the Board of Immigration Appeals only has authority to review a waiver application after the Service and the immigration judge have considered it, an alien may not apply for a waiver under section 216(c)(4) of the Act on appeal.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(D)(i) [8 U.S.C. § 1251(a)(1)(D)(i)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
Ann E. Benson, Esquire
Catholic Social Services
3710 East 20th Avenue, Suite 1
Anchorage, Alaska 99508-3418

ON BEHALF OF SERVICE:
Robert Solmonson
District Counsel

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated August 13, 1992, the immigration judge found the respondent deportable under section 241(a)(1)(D)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(D)(i) (Supp. IV 1992), as an alien whose conditional permanent resident status had been terminated, and granted her request for voluntary departure. The respondent has appealed from the immigration judge's finding of deportability. The appeal will be dismissed.

The respondent is a 31-year-old native and citizen of the Philippines. On September 11, 1989, she entered the United States as a conditional permanent resident pursuant to section 216 of the Act, 8 U.S.C. § 1186a (1988), on the basis of her February 23, 1989, marriage to a United States citizen. On September 10, 1991, the respondent filed an Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752) with the Immigration and Naturalization Service.

The respondent was interviewed by the Service regarding her waiver application on November 21, 1991. A transcript of the interview was presented by the Service at the hearing and was admitted into evidence without objection from the respondent. The respondent's statements during the interview and her testimony during the hearing were consistent. The following facts are not in dispute.

The respondent began corresponding with her husband by letter approximately 1 year before their marriage. The correspondence was initiated through the respondent's sister and brother-in-law. The respondent's sister is married to a United States citizen and lives in Kodiak, Alaska, as did the respondent's husband. At the time they began writing to each other, the respondent's husband was married. He obtained a divorce from his wife on January 30, 1989. He then traveled to the Philippines, arriving on February 12, 1989, when the respondent met him for the first time. They were married in the Philippines on February 23, 1989.

The respondent's husband returned to Kodiak in early March. He then began living with another woman. The respondent was informed of this development by her sister. In July 1989 she began seeing a man in the Philippines by whom she became pregnant. The respondent entered the United States as a conditional permanent resident on September 11, 1989, to join her husband. She was greeted by her brother-in-law, who drove her to her husband's home. When the respondent saw that another woman was still living with her husband, she immediately asked her brother-in-law to take her to stay with her sister. She has since remained with her sister and brother-in-law. Her son was born on April 27, 1990. According to the respondent's waiver application, her son has been residing in the Philippines since December 19, 1990. The respondent provided babysitting services at her sister's home for her husband's son from his previous marriage and allowed her husband to visit her there until he moved to Fairbanks, Alaska. The respondent has not seen her husband since he left in November 1989, although she has communicated with him by telephone.

The Act provides two means by which the conditional basis of a conditional permanent resident's status may be removed. The alien

and the United States citizen spouse may file a joint petition to remove the conditional basis of the alien's permanent resident status under section 216(c)(1) of the Act, or the alien may file an application for a waiver of the requirement to file a joint petition under section 216(c)(4).[1] *Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994); *Matter of Balsillie*, 20 I&N Dec. 486 (BIA 1992). Section 216(c)(1)(A) of the Act, through reference to section 216(d)(2), requires that the joint petition be filed during the 90-day period before the second anniversary of the date the alien obtained conditional permanent resident status. The 90-day limit is not imposed for the filing of a waiver request.

As previously noted, the respondent, who was not living with her husband, chose to file a waiver application pursuant to section 216(c)(4) of the Act. That section, which provides for three separate waivers of the conditional basis of a conditional permanent resident's status, provides as follows:

> HARDSHIP WAIVER.—The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that—
>
> (A) extreme hardship would result if such alien is deported,
>
> (B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1), or
>
> (C) the qualifying marriage was entered into in good faith by the alien spouse and during the marriage the alien spouse or child was battered by or was the subject of extreme cruelty perpetrated by his or her spouse or citizen or permanent resident parent and the alien was not at fault in failing to meet the requirements of paragraph (1).
>
> In determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis. The Attorney General shall, by regulation, establish measures to protect the confidentiality of information concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child.

Section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (Supp. V 1993); *see also Matter of Balsillie, supra.*

On her waiver application, the respondent indicated that she was

---

[1] At the time the respondent requested a waiver, these applications were filed on two separate forms, the joint petition being on Form I-751, and the application for a waiver being on Form I-752. These applications have now been consolidated into a new Form I-751 (Petition to Remove the Conditions on Residence), on which the applicant designates the grounds for the requested removal of the conditional basis of the permanent resident status. *See* 56 Fed. Reg. 55,931 (1991); *see also* 57 Fed. Reg. 6181 (1992); Form I-751, *as reproduced in* 5 Charles Gordon & Gittel Gordon, App. 127A-7 (rev. ed. 1992).

seeking a waiver under section 216(c)(4)(A) of the Act on the basis of extreme hardship. On January 30, 1992, the district director issued a decision denying the respondent's waiver application, and deportation proceedings were initiated under section 241(a)(1)(D)(i) of the Act. In denying the waiver application, the district director stated that the respondent had failed to demonstrate that her deportation from the United States would result in extreme hardship. *See* 8 C.F.R. § 216.5(e) (1992). The respondent appeared before the immigration judge on May 15, 1992, with her representative and stated that she wished to apply for a waiver under section 216(c)(4) of the Act. However, the respondent's representative stated that the respondent was seeking a "just cause waiver," which the immigration judge treated as a request for the waiver under section 216(c)(4)(B) of the Act.

At a reconvened deportation hearing on August 13, 1992, the immigration judge informed the respondent's counsel that the respondent was ineligible for the section 216(c)(4)(B) waiver because her marriage had not been terminated. The respondent's counsel requested a continuance to look into the possibility of terminating the marriage. However, the immigration judge, after hearing the respondent's testimony, concluded that the circumstances surrounding the marriage supported the Service's position that the marriage had not been entered into in good faith. As a result, the immigration judge determined that a continuance was not warranted and found that the respondent was ineligible to apply for a waiver under section 216(c)(4)(B) because she remained married to her husband.

On appeal, the respondent argues that she is entitled to a waiver under section 216(c)(4)(C) of the Act because she entered into the marriage in good faith and was subjected to humiliating treatment by her husband. In particular, she alleges that her husband treated her with extreme insensitivity by engaging in an adulterous relationship after their marriage. She also claims that she should be given an opportunity to terminate her marriage, thereby indicating that she still seeks to apply for the waiver under section 216(c)(4)(B), as argued before the immigration judge.

At the outset, a jurisdictional issue arises from the fact that the respondent requested a waiver under section 216(c)(4)(B) of the Act from the immigration judge after the denial of her section 216(c)(4)(A) waiver application by the district director. The question before us is whether the respondent, whose application for one of the three waivers under section 216(c)(4) was denied by the Service, can seek consideration before the immigration judge of an alternative waiver under that section. We hold that she cannot.

Original jurisdiction to rule on the merits of an application for a

waiver of the requirement to file a joint petition is with the appropriate regional service center director, rather than the immigration judge.[2] *Matter of Lemhammad*, 20 I&N Dec. 316 (BIA 1991); 8 C.F.R. § 216.5(c) (1994). The immigration judge only has jurisdiction to review the denial of a waiver application. *Matter of Lemhammad, supra*; 8 C.F.R. § 216.5(f) (1994).

The waiver application contains a section which sets forth the three alternative grounds for the waiver under section 216(c)(4) and allows the alien to indicate which applies.[3] The respondent selected the extreme hardship alternative. The district director's denial of the respondent's waiver request was accordingly limited to consideration of her claim of extreme hardship under section 216(c)(4)(A) of the Act.

At the time she initially filed her waiver application, the respondent should have applied for any waiver that she deemed applicable to her. She could not later request a waiver from the immigration judge under section 216(c)(4)(B) of the Act after having applied only for the waiver under section 216(c)(4)(A) with the Service. In order to have an alternative waiver under section 216(c)(4)(B) considered, the respondent should have submitted a new application to the Service. To rule otherwise would be to allow circumvention of the regulatory jurisdictional scheme and could serve to encourage aliens to withhold evidence and arguments until the review stage for purposes of delay.

We note that if the respondent had become statutorily eligible to apply for the section 216(c)(4)(B) waiver by virtue of changed circumstances, i.e., through the termination of her marriage between the time that her waiver application was denied and her appearance before the immigration judge, she could have sought a continuance from the immigration judge to pursue her alternative application with the Service. *See Matter of Mendes, supra.*

---

[2] According to 8 C.F.R. § 216.5(d) (1994), the regional service center director may refer the application to the appropriate district and require the applicant to appear for an interview. *Cf.* 8 C.F.R. § 216.4(b)(1) (1994) (joint petition).

[3] The three waivers under section 216(c)(4) of the Act each have separate conditions, with differing evidentiary requirements. *Matter of Balsillie, supra.* The regulations at 8 C.F.R. § 216.5(e)(1) (1994) regarding the hardship waiver under section 216(c)(4)(A) place the burden on the alien to establish extreme hardship, i.e., that which exceeds the hardship necessarily attendant upon deportation. With respect to the good faith waiver under section 216(c)(4)(B), the regulations at 8 C.F.R. § 216.5(e)(2) (1994) state that "evidence relating to the amount of commitment by both parties to the marital relationship," such as documentation of joint financial activities, length of residence together, and birth certificates of children born to the marriage, must be considered. The application for a waiver based on extreme mental cruelty or battery under section 216(c)(4)(C) must be supported by proof of physical abuse or of extreme mental cruelty, the latter requiring the evaluation of a professional recognized by the Service as an expert in the field. 8 C.F.R. § 216.5(e)(3) (1994).

We must also determine whether the respondent can apply for a waiver under section 216(c)(4)(C) of the Act on appeal. For the reasons stated above, we conclude that such a waiver request must be submitted to the regional service center, which exercises original jurisdiction, rather than to this Board. Furthermore, we only have authority to review a waiver application after the immigration judge has considered it. We note in this regard that although the alleged circumstances of extreme mental cruelty were known to the respondent at the time she filed her waiver application with the Service, she chose not to pursue a waiver on that basis.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.