# MATTER OF GAWARAN

## In Deportation Proceedings

### A-41240085

*Decided by Board January 6, 1995*

(1) The provisions of former section 241(f)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f)(1) (1988), do not waive an alien's deportability under former section 241(a)(9)(B) of the Act, 8 U.S.C. § 1251(a)(9)(B) (1988), because termination of the alien's conditional permanent resident status constitutes a basis for deportability which is separate and distinct from the charge that the alien is "excludable at the time of entry" within the meaning of former section 241(f)(1).

(2) In order to preserve an application for relief under section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (1988), an alien must request before the immigration judge a review of the Service's denial of such application.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(14) [8 U.S.C. § 1182(a)(14)]—No valid labor certification

Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

Lodged: Act of 1952—Sec. 241(a)(9)(B) [8 U.S.C. § 1251(a)(9)(B)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
Jesse G. Quinsaat, Esquire
110 West C Street, Suite 1809
San Diego, California 92101

ON BEHALF OF SERVICE:
Margaret M. Kash
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated December 8, 1989, an immigration judge found the respondent deportable on the charges set forth in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), denied her requests for relief from deportation pursuant to sections 216(c)(4)(A) and 241(f)(1) of the Immigration and Nationality Act, 8 U.S.C. §§ 1186a(c)(4)(A) and 1251(f)(1) (1988), but

granted her the privilege of voluntary departure in lieu of deportation. Both parties have appealed the decision of the immigration judge. The appeal of the Immigration and Naturalization Service will be dismissed as untimely. The respondent's appeal will be dismissed.

The regulations at 8 C.F.R. § 3.38(b) (1994) provide as follows: "The notice of appeal of the decision shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." The record reflects that the immigration judge's written decision was mailed to the Service on December 8, 1989, along with a notice informing the Service attorney that she had until December 21, 1989, to submit an appeal. The record reflects that the Service's Notice of Appeal (Form EOIR-26) was not filed with the Office of the Immigration Judge until December 22, 1989. Thus, the Service's appeal was not filed within the prescribed period for filing. See Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir. 1993) (holding that the Board improperly adjudicated on the merits a Service appeal that was untimely by 1 day because "[t]he time limit for filing an appeal is mandatory and jurisdictional"). Accordingly, the Service's appeal will be dismissed as untimely.

The respondent is a 36-year-old native and citizen of the Philippines. On January 11, 1987, she was admitted to the United States as a conditional permanent resident pursuant to section 216 of the Act, based on her marriage to a United States citizen. The Service subsequently discovered that the respondent was married to a national of the Philippines whom she did not divorce prior to her marriage to the United States citizen.

On January 11, 1989, the Service issued an Order to Show Cause against the respondent, charging her with deportability pursuant to former section 241(a)(1) of the Act[1] as an alien who was excludable at entry because she lacked a valid labor certification and a valid immigrant visa. Moreover, on June 2, 1989, the Service issued a notice terminating the respondent's conditional permanent residence.[2] The Service lodged an additional charge against the respondent, contending that she was deportable as an alien whose conditional permanent

---

[1] This provision has been revised and redesignated as section 241(a)(1)(A) of the Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. V 1993), by section 602 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5077-78, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. See section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

[2] Although the notice of termination was not served upon the respondent until June 2, 1989, her conditional permanent residence terminated automatically as of January 11, 1989, when no joint petition to remove the conditional basis of her permanent resident status under section 216(c)(1) of the Act was filed. See 8 C.F.R. § 216.4(a)(6) (1989).

residence had been terminated. Following several deportation hearings in this matter and the parties' submission of briefs, the immigration judge issued his decision finding the respondent to be deportable as charged and denying her requests for relief under sections 216(c)(4) and 241(f)(1) of the Act. The respondent's appeal followed.

On appeal, the respondent has not contested her deportability. She has raised two issues in her brief on appeal. She argues first that the immigration judge erred by concluding that she is not eligible for relief under section 241(f)(1) of the Act. The respondent also asserts that she has established "extreme hardship" within the meaning of section 216(c)(4)(A) of the Act, and that her request for a hardship waiver should accordingly be approved. We find no merit to the respondent's arguments on appeal.

We consider first the respondent's argument pertaining to the waiver under section 241(f)(1). As it applies to the respondent,[3] section 241(f)(1) of the Act provides as follows:

> (A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19)) who—
>
> > (i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and
>
> > (ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) which were a direct result of that fraud or misrepresentation.
>
> (B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility at entry described under subparagraph (A)(ii) directly resulting from such fraud or misrepresentation.

The respondent argues that the provisions of section 241(f)(1) should be applied in such a manner as to waive the charge of deportability against her under former section 241(a)(9)(B) of the Act. She argues that her acquisition of conditional permanent residence "was tied directly to her original fraudulent behavior in entering the

---

[3] The provisions of section 241(f)(1) were repealed by section 602(b)(1) of the Immigration Act of 1990, 104 Stat. at 5081. Similar provisions now appear at section 241(a)(1)(H) of the Act, 8 U.S.C. § 1251(a)(1)(H) (Supp. V 1993). *See Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993). As previously noted, however, the amendments made to section 241 of the Act by the Immigration Act of 1990 do not affect the respondent, because she had notice of the instant deportation proceedings before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

United States through a bigamous relationship," and that section 241(f)(1) should accordingly waive the charges under both sections 241(a)(1) and 241(a)(9)(B). The immigration judge rejected this construction of section 241(f)(1) of the Act. Relying on *Reid v. INS*, 420 U.S. 619 (1975), he found that the respondent was ineligible for relief under section 241(f)(1) because she is deportable on a ground that is independent of the charges that she was excludable at the time of entry.

In *Reid v. INS, supra*, the Supreme Court addressed the issue of whether the provisions of section 241(f)(1) were available to an alien to waive the charge of deportability under former section 241(a)(2) that he had entered the United States without inspection. The Court held:

> Section 241(a)(2) establishes as a separate ground for deportation, quite independently of whether the alien was excludable at the time of his arrival, the failure of an alien to present himself for inspection at the time he made his entry. If this ground is established by the admitted facts, nothing in the waiver provision of § 241(f), which by its terms grants relief against deportation of aliens "on the ground that they were excludable at the time of entry," has any bearing on the case.

*Id.* at 623; *see also Salas-Velasquez v. INS*, 34 F.3d 705 (8th Cir. 1994); *Braun v. INS*, 992 F.2d 1016 (9th Cir. 1993); *Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993); *Matter of Connelly*, 19 I&N Dec. 156 (BIA 1984); *Matter of Matti*, 19 I&N Dec. 43 (BIA 1984).

We agree with the immigration judge's conclusion that the respondent is ineligible for relief under section 241(f)(1) because she is deportable on a ground that is separate from the charges that she was excludable at the time of her entry. As the immigration judge observed in his decision, an alien could be found deportable on the ground that her conditional permanent residence was terminated "even if there were no fraud." Under these circumstances, section 241(f)(1) could not waive a charge of deportability under former section 241(a)(9)(B) of the Act, because there would be no deportation charge "directly resulting" from an alien's fraud or misrepresentation.

In the instant case, the respondent's conditional permanent residence was terminated because she failed to file a joint petition to remove the conditional basis of her status. Former section 241(a)(9)(B) of the Act provided for the deportation of "an alien with permanent resident status on a conditional basis under section 216 [who] has such status terminated." The Service did not allege any fraud or misrepresentation in connection with the lodged charge, nor was proof of fraud or misrepresentation required in order to sustain the charge of deportability. The respondent's deportability under former section 241(a)(9)(B) resulted from her failure to file the joint petition; such failure occurred 2 years after her admission for conditional permanent

residence and accordingly did not render her "excludable at the time of entry" within the meaning of section 241(f)(1).

We therefore find no merit to the respondent's argument that her bigamous marriage constituted fraudulent behavior which underlies all charges of deportability against her. The immigration judge properly held that section 241(f)(1) of the Act does not waive the charge of deportability which resulted from the termination of the respondent's conditional permanent residence. We accordingly will not disturb the immigration judge's conclusion that the respondent is ineligible for a section 241(f)(1) waiver.

Finally, we find that the respondent has not properly filed or pursued an "extreme hardship" application under section 216(c)(4)(A) of the Act. Under the regulations, an alien must file an application for a waiver under section 216(c)(4)(A) with the Service. 8 C.F.R. § 216.5(c) (1994). The alien may seek review of an adverse decision in deportation proceedings. 8 C.F.R. § 216.5(f) (1994); see also Matter of Lemhammad, 20 I&N Dec. 316 (BIA 1991). In Matter of Anderson, 20 I&N Dec. 888 (BIA 1994), the Board recently held that an immigration judge does not have original jurisdiction to consider a waiver application under section 216(c)(4) of the Act. Thus, the immigration judge's jurisdiction over a hardship waiver under section 216(c)(4) is limited to a review of the Service's denial of the application. Id.

The record reflects that at a deportation hearing on June 22, 1989, the respondent's counsel stated his belief that the respondent was ineligible for the hardship waiver under section 216(c)(4), and that she would seek relief only under section 241(f)(1). At a subsequent hearing on September 20, 1989, the respondent's counsel let stand the immigration judge's statement that the respondent had "not pursued" relief under section 216(c)(4). Further, when the immigration judge questioned the respondent's counsel on December 6, 1989, as to whether there were any remaining matters that the parties had not covered, respondent's counsel indicated that there were not. We note that in the absence of egregious circumstances, an alien is bound by the "reasonable tactical actions" of her counsel. Matter of Velasquez, 19 I&N Dec. 377, 383 (BIA 1986). Inasmuch as respondent's counsel elected not to seek review before the immigration judge of an application for relief under section 216(c)(4)(A), we conclude that the respondent has waived the opportunity to have her application, if any, considered by the immigration judge.[4]

---

[4]Respondent's counsel stated at the deportation hearing that he had submitted a "waiver application" with the Service. No such application is included in the record of proceedings. In any event, respondent's counsel did not properly seek review of the section 216(c)(4)(A) application before the immigration judge.

Assuming arguendo that the respondent has not waived the opportunity to pursue relief under section 216(c)(4)(A), we see no reason to disturb the immigration judge's finding that the respondent failed to demonstrate "extreme hardship" within the meaning of section 216(c)(4)(A) of the Act. The respondent did not demonstrate that she would experience any unusual hardship from deportation arising out of circumstances which occurred during the period that she was admitted for permanent residence on a conditional basis.

Based on the foregoing, we conclude that the immigration judge's decision denying the respondent's applications for relief from deportation is wholly supported by the record. The parties' appeals will be dismissed.

**ORDER:**    The appeal of the Immigration and Naturalization Service is dismissed as untimely.

**FURTHER ORDER:**    The respondent's appeal is dismissed.

**FURTHER ORDER:**    Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure to so depart, the respondent shall be deported as provided in the immigration judge's order.

---

proceedings. In any event, respondent's counsel did not properly seek review of the section 216(c)(4)(A) application before the immigration judge.