Mohamad KOUNIEHLE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70853.

INS No. A79–396–576.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2003.

Decided May 19, 2003.

Before B. FLETCHER, KOZINSKI and TROTT, Circuit Judges.

### MEMORANDUM*

■ 1. The Board did not abuse its discretion in denying Kouniehle's motion to reopen. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). With respect to his ineffective assistance of counsel claim, Kouniehle has not shown the type of "egregious circumstances" that would excuse him from the consequences of his counsel's tactical decisions. *See Magallanes–Damian v. INS,* 783 F.2d 931, 933–34 (9th Cir.1986); *Matter of Gawaran,* 20 I. & N. Dec. 938, 942, 1995 WL 24857 (BIA 1995). Nor were the proceedings "so fundamentally unfair" that they violated Kouniehle's due process rights. *See Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985).

■ With respect to Kouniehle's adjustment of status claim, substantial evidence–most notably, his wife's statement in the record that she was paid $10,000 to marry Kouniehle "so that he could obtain citizenship in the United States"–supports the Board's conclusion that Kouniehle's marriage was not bona fide. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996); *In re Velarde–Pacheco,* Int. Dec. No. 3463, 23 I. & N. Dec. 253, 256, 2002 WL 393173 (BIA 2002).

■ 2. Because Kouniehle's asylum application has been presented neither to the immigration judge nor to the Board, and is therefore not included in the certified administrative record, his argument that his motion to reopen should have been granted based on his filing of an asylum application is not properly before us. 8 U.S.C. § 1252(b)(4)(A); *see Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.