Shawn Anthony MASCOE, also known
as Shawn Anthony *S–Mascoe,
Petitioner,

v.

Eric H. HOLDER Jr.,* Respondent.

No. 08–2476–ag.

United States Court of Appeals,
Second Circuit.

May 8, 2009.

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Eric H. Hold-
er Jr. is automatically substituted for former
Attorney General Michael B. Mukasey as the
respondent in this case.

Thomas H. Nooter, Freeman Nooter & Ginsberg, New York, N.Y., for Petitioner.

John J.W. Inkeles (Gregory G. Katsas, Assistant Attorney General, and Susan Houser, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges and Hon. J. GARVAN MURTHA, District Judge.**

## SUMMARY ORDER

Petitioner Shawn Anthony Mascoe seeks review of an April 21, 2008, 2008 WL 2079396, decision of the BIA affirming the November 16, 2007 decision of Immigration Judge Sagerman ("IJ") denying his motion to reopen his removal proceedings and to rescind a June 24, 2002 in absentia order of removal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the scope of the issues presented on appeal.

We review the BIA's denial of Mascoe's motion to reopen his removal proceedings for abuse of discretion. *Jie Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir.2006). An abuse of discretion may be found where the BIA acts in an arbitrary or capricious manner, i.e., where its decision provides no rational explanation, inexplicably departs from established policies, lacks any reasoning, or contains only summary or conclusory statements. *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005).

Under the Immigration and Nationality Act (the "INA"), an alien who receives proper written notice of his removal hearing but fails to appear, and is found to be removable at that hearing, shall be ordered removed in absentia. 8 U.S.C. § 1229a(b)(5)(A). Once the in absentia removal order is entered, the alien may move to reopen the proceedings and rescind the order on grounds that he "did not receive notice" of the hearing as required by statute. 8 U.S.C. § 1229a(b)(5)(C)(ii). In reviewing such a motion, the BIA applies a rebuttable presumption of receipt where the Notice To Appear ("NTA") is properly addressed and mailed in accordance with regular office procedures. *Silva–Carvalho Lopes v. Gonzales (Lopes I)*, 468 F.3d 81, 85 (2d Cir.2006); *see also Silva–Carvalho Lopes v. Mukasey (Lopes II)*, 517 F.3d 156, 160 (2d Cir.2008). With respect to the evidence the BIA should consider upon ruling on such a motion, we have held that "an affidavit of non-receipt [by the alien] might be insufficient by itself to rebut the presumption [of receipt], [but that] it does raise a factual issue that the BIA must resolve by taking account of *all* relevant evidence[,] .... including circumstantial evidence, offered to rebut that presumption." *Lopes I*, 468 F.3d at 85–86.

We conclude that the BIA did not abuse its discretion in dismissing Mascoe's appeal from the IJ's decision denying Mascoe's motion to reopen his removal proceedings. The IJ found that the presumption of receipt attached to the NTA based on the following evidence: the NTA was mailed to Mascoe's attention at Sing Sing; a hearing notice letter was served upon Mascoe personally by a Sing Sing correctional officer on the morning of the

** The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

hearing; and in accordance with the facility's standard procedures, that correctional officer signed and filed a memorandum that morning stating that Mascoe had received notice of his hearing but had refused to sign an acknowledgment of the notice. The IJ weighed Mascoe's affidavit stating that he had not received the NTA against the officer's sworn declaration stating that he had followed Sing Sing's standard procedures in notifying Mascoe of his hearing the morning of June 24, 2002, and that Mascoe had refused to sign the memorandum indicating his receipt of the notice. After doing so, the IJ concluded that Mascoe had not rebutted the presumption of receipt of the NTA and that his in absentia order of removal should not be rescinded. Consequently, the BIA was well within its discretion in dismissing Mascoe's appeal from this decision.

In addition, the BIA did not abuse its discretion in finding that the NTA provided Mascoe with adequate notice of the charges against him and that the IJ permissibly added a somewhat different charge to the NTA. By amending the original NTA to include a charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii) on grounds of "attempt . . . to commit" murder, 8 U.S.C. § 1101(a)(43)(U)—the actual crime of which Mascoe had been convicted—the IJ did not violate the notice regulations of the INA. *See* 8 C.F.R. § 1003.30. The original NTA, which specified charges of murder and a crime of violence as provided in 8 U.S.C. § 1101(a)(43)(A) & (F), provided Mascoe with adequate notice that, as a result of his involvement in a homicide, he had been convicted of a removable offense. The new notice conveyed exactly that information, only more precisely.

Finally, we agree with the BIA's conclusion that Mascoe waived his right to testify at the November 16, 2007 hearing before the IJ. During the hearing, Mascoe's counsel stated that his "client's princip[al] testimony is similar to what he would put in the affidavit . . . [w]hich is that he never received the notice," and "I guess I'm prepared to close the record." Mascoe was bound by his counsel's tactical decision not to submit additional evidence. *See Matter of Gawaran,* 20 I. & N. Dec. 938, 942 (B.I.A.1995).

We have reviewed Mascoe's remaining contentions and find them to be without merit.

The judgment of the District Court is AFFIRMED.