*Bador v. Garland*

# United States Court of Appeals
# For the Second Circuit

August Term 2023
Argued: February 13, 2024
Decided: July 11, 2024

No. 22-6492

SHLOMO BADOR,

*Petitioner,*

*v.*

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals

Before:     KEARSE, PARK, and ROBINSON, *Circuit Judge*s.

Shlomo Bador received conditional permanent resident status based on his marriage to a U.S. citizen. Two years later, he and his wife submitted a joint petition to remove the conditions on his status. But by then, U.S. Citizenship and Immigration Services suspected that his marriage was fraudulent. And after investigators interviewed Bador's wife, she withdrew her support from the joint petition. Bador thus failed to submit a valid petition, so his conditional permanent resident status terminated automatically.

Conditional permanent residents who lose their status are removable, and the Department of Homeland Security sought to remove Bador on that basis. *See* 8 U.S.C. § 1227(a)(1)(D). Bador has conceded his removability. But he asks this Court to hold that he is eligible for a waiver of removability—the "fraud waiver"—available to certain aliens whose grounds of removability relate to being "inadmissible at the time of admission" because they procured benefits under the Immigration and Nationality Act by fraud or misrepresentation. *See id.* § 1227(a)(1)(H).

Bador does not qualify for the fraud waiver. He was charged as removable because his conditional permanent resident status terminated. And his status terminated because he failed to submit a joint petition, not because his marriage was fraudulent. Bador's ground of removal is thus insufficiently related to his fraud to support application of the waiver. The petition for review is **DENIED**.

2

KAI W. DE GRAAF, Law Office of Kai W. De Graaf, New York, NY, *for Petitioner*.

JACLYN G. HAGNER, Trial Attorney (Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, Sabatino F. Leo, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, *for Respondent*.

————

PARK, *Circuit Judge*:

Shlomo Bador received conditional permanent resident status based on his marriage to a U.S. citizen. Two years later, he and his wife submitted a joint petition to remove the conditions on his status. But by then, U.S. Citizenship and Immigration Services suspected that his marriage was fraudulent. And after investigators interviewed Bador's wife, she withdrew her support from the joint petition. Bador thus failed to submit a valid petition, so his conditional permanent resident status terminated automatically.

Conditional permanent residents who lose their status are removable, and the Department of Homeland Security sought to remove Bador on that basis. *See* 8 U.S.C. § 1227(a)(1)(D). Bador has conceded his removability. But he asks this Court to hold that he is eligible for a waiver of removability—the "fraud waiver"—available to certain aliens whose grounds of removability relate to being "inadmissible at the time of admission" because they procured benefits under the Immigration and Nationality Act by fraud or misrepresentation. *See id.* § 1227(a)(1)(H).

3

Bador does not qualify for the fraud waiver. He was charged as removable because his conditional permanent resident status terminated. And his status terminated because he failed to submit a joint petition, not because his marriage was fraudulent. Bador's ground of removal is thus insufficiently related to his fraud to support application of the waiver. The petition for review is denied.

## I.  BACKGROUND

Shlomo Bador married for the first time in 2003. He and his wife were both Israeli citizens and lived in Israel. Bador came to the United States on a nonimmigrant visa in 2004, and his wife and newborn daughter followed.

But Bador's marriage didn't last.[1] In September 2008, he married his second wife, a U.S. citizen named Zina Jones. As Jones's spouse, Bador was entitled to apply for a green card. He and Jones filed the necessary forms—promising, among other things, that their marriage was genuine—and Bador received a green card in April 2009.

As an alien who adjusted to lawful permanent resident status by marriage to a U.S. citizen, Bador's status was initially conditional. In March 2011, he filed a joint petition with Jones for removal of the conditions on his status. Bador and Jones then sat for an interview with U.S. Citizenship and Immigration Services ("USCIS") in April 2012. But their story didn't quite add up. Bador and Jones claimed

---

[1] Bador testified before an Immigration Judge that his first marriage ended in divorce, but he couldn't remember exactly when the divorce occurred. His application for cancellation of removal listed a divorce date of August 12, 2008.

4

that they lived together in a Manhattan apartment. But when an immigration officer visited, he ran into Bador's first wife, who admitted that she—and not Jones—had lived there for at least two years. The building's manager confirmed this. And Jones was on the lease for an apartment in the Bronx, where her boss thought she lived and where the superintendent recognized her as a tenant.

USCIS interviewed Jones again in June 2013 to inquire about these discrepancies. Jones appeared with counsel and admitted that she had lied about living with Bador. She also withdrew her support for the joint petition. Without Jones's participation, USCIS deemed the petition withdrawn.

Bador then filed a second petition. Although aliens must ordinarily petition jointly with their U.S. citizen spouse to remove the conditional nature of their permanent residence status, USCIS may waive that requirement for aliens who married in good faith but whose marriage has since terminated. 8 U.S.C. § 1186a(c)(4)(B) ("good-faith waiver"). Bador divorced Jones shortly after she withdrew her support from the joint petition and requested a good-faith waiver based on the divorce. USCIS declined to waive the joint-petition requirement—and notified Bador that his lawful permanent resident status had been terminated—because it concluded that he had not married Jones in good faith.

The Department of Homeland Security ("DHS") sought to remove Bador the following month, charging him with removability as an alien admitted for permanent residence on a conditional basis whose status had been terminated. Bador then appeared before an Immigration Judge ("IJ") and conceded his removability. But he sought review of USCIS's denial of the good-faith waiver. At a

5

hearing before the IJ in August 2018, Bador testified that he had married Jones in good faith. On cross-examination, he was questioned about an investigation linking him to a South Carolina-based marriage-fraud ring. After a recess to confer with counsel, Bador withdrew his request for review of the good-faith waiver. The IJ then adjourned the hearing.

When the hearing resumed, Bador moved for two forms of relief relevant here. First, he asked the IJ to reinstate his request for review of USCIS's denial of the good-faith waiver. Second, in the alternative, he requested a waiver of removability under 8 U.S.C. § 1227(a)(1)(H), which applies to certain aliens who procured admission by fraud (the "fraud waiver"). When Bador's testimony resumed, he testified that his marriage to Jones was in fact fraudulent. He said he had pursued the marriage to "fix" his immigration status in the United States. He had paid Jones $15,000 to do so, plus $2,000 to a broker.

The IJ denied relief. As relevant here, she first declined to review USCIS's denial of the good-faith waiver and, in the alternative, held that the good-faith waiver should be denied. The IJ then ruled Bador ineligible for the fraud waiver—the waiver applies to aliens charged with being inadmissible at the time of admission or adjustment of status due to fraud or misrepresentation, but Bador was charged as removable only because his conditional permanent resident status had terminated.

On appeal before the Board of Immigration Appeals ("BIA"), Bador challenged only the IJ's denial of the fraud waiver under § 1227(a)(1)(H). The BIA, reviewing the IJ's decision de novo, agreed with the IJ. It ruled that Bador could not invoke

6

§ 1227(a)(1)(H) to waive a charge of removability based on the termination of his conditional permanent resident status due to failure to file a joint petition. Nor could he expand that waiver's scope to excuse his failure to file a joint petition. The BIA thus dismissed Bador's appeal.

Bador now petitions this Court for review.

## II. DISCUSSION

On a petition for review of a BIA decision, we review questions of law de novo. *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023). Although the BIA's decision supplies the basis for judicial review, we may consider the IJ's decision as well "when, as here, the decision of the BIA is consistent with the decision of the IJ." *Bhagtana v. Garland*, 93 F.4th 592, 593-94 (2d Cir. 2023).

## A. Statutory Background

Bador's petition implicates two statutory provisions governing the admission and removal of aliens who marry U.S. citizens. First, 8 U.S.C. § 1186a governs the grant (and termination) of lawful permanent resident status for such aliens. An alien who marries a U.S. citizen is eligible for lawful permanent resident status. But that status is initially granted only on a conditional basis. 8 U.S.C. § 1186a(a)(1). After two years, the alien and citizen spouse must jointly petition for the removal of conditions. *See id.* § 1186a(c).[2] If

---

[2] "[D]uring the 90-day period before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence," "the alien spouse and the petitioning spouse (if not deceased) jointly must submit to the Secretary of Homeland Security . . . a petition which requests the removal of such conditional basis and which states, under penalty of perjury, the facts and information described in subsection (d)(1)." 8 U.S.C.

7

DHS determines that the statements in a couple's petition are true, then the alien's status ceases to be conditional. *See id.* § 1186a(c)(3)(A)-(B). But if DHS determines that the information is false, or if a petitioning couple fails to appear for their interview or fails to submit a joint petition, then the alien spouse's status terminates. *Id.* § 1186a(c)(2)(A), (3)(C). Although termination is ordinarily automatic, the Secretary of Homeland Security has discretion to waive the petition and interview requirements under certain conditions. *Id.* § 1186a(c)(4). Relevant here, a "good-faith waiver" provision allows the Secretary to waive the joint-petition requirement when "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated . . . and the alien was not at fault in failing to [submit a joint petition]." *Id.* § 1186a(c)(4)(B).

Second, 8 U.S.C. § 1227(a)(1) makes certain classes of aliens removable. Subparagraphs (A) through (G) identify each removable group. Two are relevant here: subparagraph (A) makes removable "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time"; and subparagraph (D) makes removable "[a]ny alien [with conditional permanent resident status under § 1186a] . . . who has had such status terminated." *Id.* § 1227(a)(1)(A), (D). Then, subparagraph (H)—the "fraud

---

§ 1186a(c)(1)(A), (d)(2)(A). The required facts include an affirmation that the couple is still validly married and that their marriage was "not entered into for the purpose of procuring an alien's admission as an immigrant." *Id.* § 1186a(d)(1)(A)(i).

8

waiver"—provides a limited exception to the general rule of removability.  It states that:

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title, . . . may, in the discretion of the Attorney General, be waived for any alien . . . who [meets certain conditions].
>
> A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation.

*Id.* § 1227(a)(1)(H).[3]

## B.    Scope of the Fraud Waiver

The parties dispute whether the fraud waiver can be used to waive a charge of removability premised on 8 U.S.C. § 1227(a)(1)(D) (termination of conditional permanent resident status).   But we need not decide whether the fraud waiver can *ever* waive such a charge. We conclude only that it is not available to Bador.

The fraud waiver is available only to aliens whose charges of removability "relat[e] to . . . removal . . . on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i)."   *Id.* § 1227(a)(1)(H).   Eligibility for the fraud waiver thus depends on two independent conditions: first, the alien

---

[3] Section 1182(a)(6)(C)(i), in turn, describes aliens "who, by fraud or willfully misrepresenting a material fact, . . . sought to procure or [have] procured . . . admission into the United States or other benefit provided under [the Immigration and Nationality Act]."

9

must be charged as removable because he was inadmissible at the time of admission;[4] and second, he must have been inadmissible because he procured (or sought to procure) admission "by fraud or willfully misrepresenting a material fact." *Id.* § 1182(a)(6)(C)(i). The parties now agree that Bador satisfies the second condition—*i.e.*, he procured lawful permanent resident status by fraud. All that remains is to decide whether Bador was charged as removable because he was inadmissible at the time of admission.

On the face of the statute, Bador is in a difficult position. Subparagraph (A) of § 1227(a)(1) permits DHS to charge an alien as removable because he was inadmissible at the time of admission. But that is not what it did here. Instead, DHS charged Bador as removable under subparagraph (D) because his conditional permanent resident status had terminated. *See id.* § 1227(a)(1)(D). Bador maintains that the fraud waiver isn't so limited and that he was inadmissible at the time of admission because he procured admission by fraud. He thus claims to be eligible for a waiver as long as his charge of removability "relates to" that fraud. So if DHS seeks removal because Bador's marriage was fraudulent, then he can seek to waive removability using the fraud waiver no matter which basis for removal DHS charges.

Bador relies on decisions from two of our sister circuits, *Vasquez v. Holder*, 602 F.3d 1003 (9th Cir. 2010), and *Acquaah v. Sessions*, 874 F.3d 1010 (7th Cir. 2017). In *Vasquez*, the Ninth Circuit held that

---

[4] The BIA has held that "an alien's adjustment of status within the United States constitutes an admission for purposes of the [fraud] waiver at [§ 1227(a)(1)(H)]." *In re Agour*, 26 I. & N. Dec. 566, 570 (BIA 2015). We assume without deciding the BIA's interpretation is correct.

"where the basis for termination of conditional permanent residence is that the marriage was not bona fide[,] the termination of status ground of removal provided in [subparagraph (D)] is 'relat[ed] to' the removal of aliens on the ground that they were inadmissible at the time of admission as aliens who sought to procure admission by fraud." 602 F.3d at 1017 (last alteration in original). The Seventh Circuit took a broader approach in *Acquaah*, focusing on "whether [the] charge [of removability] is 'relat[ed] to,' that is, connected with or bearing upon, a charge that the alien was inadmissible at the time of admission by virtue of fraud." 874 F.3d at 1018 (last alteration in original).

Unlike Vasquez and Acquaah, however, Bador lost his conditional permanent resident status because he failed to file a joint petition under 8 U.S.C. § 1186a(c)(2)(A)(i). And failure to file a joint petition in accordance with the statute terminates status regardless whether an alien's marriage is fraudulent. We thus cannot conclude that Bador's status terminated because of his fraud. *Cf. Vasquez*, 602 F.3d at 1010, 1013-14 (suggesting that, if Vasquez's status had been terminated for "fail[ing] to file a petition at the proper time," she would have been ineligible for a fraud waiver under *In re Gawaran*, 20 I. & N. Dec. 938 (BIA 1995)).

The fact that DHS denied Bador a good-faith waiver under § 1186a(c)(4)(B) doesn't change the result. The good-faith waiver grants the Secretary of Homeland Security discretion to waive an applicant's failure to file a joint petition if the marriage at issue "was entered into in good faith . . . and the alien was not at fault in failing [to file a joint petition.]" 8 U.S.C. § 1186a(c)(4)(B). Bador's status was terminated because of his procedural failure. The fact that the

11

Secretary later declined to overlook that procedural failure because Bador's marriage was fraudulent cannot transform the original termination from one premised on Bador's failure to file a joint petition into one premised on his inadmissibility at the time of admission.[5]   He is thus ineligible for a waiver of removability under § 1227(a)(1)(H)'s fraud waiver.

## III.   CONCLUSION

For the foregoing reasons, the petition for review is denied.

---

[5] Bador also suggests that he can use the fraud waiver in § 1227(a)(1)(H) to waive the joint-petition requirement in § 1186a(c), at least insofar as his failure to file a joint petition is related to fraud.   But his interpretation is contrary to the fraud waiver's plain text, which applies only to "the provisions of [§ 1227(a)(1)]."   8 U.S.C. § 1227(a)(1)(H). Instead, waiver of the joint-petition requirement is available only as provided in § 1186a(c)(4).

12