Guaman Veintimilla v. Bondi

BIA
Drucker, IJ
A216 985 243/236/237/238

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-five.

PRESENT:
>JOSEPH F. BIANCO,
>STEVEN J. MENASHI,
>BETH ROBINSON,
>>*Circuit Judges.*

_____

SEGUNDO MIGUEL GUAMAN VEINTIMILLA, MARIA BEATRIZ PACA TENEMAZA, DANNY ALEXANDER GUAMAN PACA, ZAYDA LISBETH GUAMAN PACA,
>*Petitioners*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

**23-6968**
**NAC**

FOR PETITIONERS:   Bryan R. Pu-Folkes, Pu-Folkes Law Group, Jackson Heights, NY.

FOR RESPONDENT:   Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jeffery R. Leist, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Segundo Miguel Guaman Veintimilla, Maria Beatriz Paca Tenemaza, and their minor children, natives and citizens of Ecuador, seek review of a July 28, 2023 decision of the BIA, affirming a June 23, 2022 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]   *In re Segundo Miguel*

---

[1] We have not considered the CAT claim because Petitioners have not raised it here.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

2

*Guaman Veintimilla, et al.*, Nos. A 216 985 243/236/237/238 (B.I.A. July 28, 2023), *aff'g*

Nos. A 216 985 243/236/237/238 (Immig. Ct. N.Y. City June 23, 2022).  We assume

the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and BIA's opinions as to the denial of

asylum and withholding of removal.  *See Bador v. Garland*, 107 F.4th 75, 79 (2d Cir.

2024).  "We review the agency's factual findings . . . under the substantial

evidence standard" and "[w]e review *de novo* questions of law and the application

of law to fact."  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"[A]dministrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary."  8 U.S.C.

§ 1252(b)(4)(B).

As a threshold matter, Petitioners assert a violation of due process based on

the BIA's failure to explicitly address their claim that the IJ improperly weighed

evidence.  We disagree.  The BIA is not required to provide its own reasoning

when adopting the IJ's decision if the IJ provided "sufficient reasoning and

evidence to permit proper judicial review."  *Yu Sheng Zhang v. U.S. Dep't of Just.*,

362 F.3d 155, 158 (2d Cir. 2004) (per curiam).  Here, the BIA specifically noted that

Petitioners' "arguments on appeal [were] not persuasive" and that "evidence . . .

3

submit[ted] on appeal was previously filed below, and considered by the [IJ]." Certified Administrative Record at 4. Therefore, in adopting and affirming the IJ's denial of asylum and withholding of removal, and noting all the evidence was considered by the IJ, the BIA sufficiently addressed Petitioners' due process claims. *Id.* at 158.

We also find no error in the agency's dispositive conclusion that Petitioners failed to establish that they were attacked on account of their race or membership in a particular social group. An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (concluding that the "one central reason" standard applies to both asylum and withholding). Applicants must establish a "sufficiently strong nexus" between the harm and asserted protected grounds, *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010), and "must provide some evidence . . . direct or circumstantial" to establish the persecutor's motive, *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis omitted). Substantial evidence

4

supports the agency's conclusion that Guaman Veintimilla did not demonstrate a nexus between the harm to him and his family and a protected ground. *See Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing a nexus determination for substantial evidence).

The record includes no evidence that Guaman Veintimilla and his family were targeted because they are indigenous Ecuadorians or because of their membership in a particular social group of indigenous Ecuadorians who had disobeyed gangs or opposed gang violence. Guaman Veintimilla did not allege that the criminals who robbed them said anything about them being indigenous, and he alleged only one robbery, not that he and his family were targeted for refusing demands or opposing gangs. On this record, substantial evidence supports the agency's conclusion that he failed to establish a sufficiently strong nexus between the attack and a protected ground. *See Castro*, 597 F.3d at 100; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Harm due to "general crime conditions" does not constitute persecution based on a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d

5

307, 314 (2d Cir. 1999).

Because the nexus determination is dispositive of asylum and withholding of removal, we need not address the agency's alternative determination that Petitioners failed to show the Ecuadorian government was unable or unwilling to protect them. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court