11-3901-ag
Azam Chowdhoury v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------------
AZAM CHOWDHOURY,
*Petitioner*,

v.                                                  No. 11-3901-ag

ERIC H. HOLDER, JR., United States Attorney General,
*Respondent*.
-----------------------------------------------------------------------

FOR PETITIONER:        Judy Resnick, Esq., Far Rockaway, New York.

FOR RESPONDENT:        Brendan Hogan, Trial Attorney, Stuart Delery, Acting Assistant Attorney General, Song Park, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED IN PART and DISMISSED IN PART.

Azam Chowdhoury, a native and citizen of Pakistan, seeks review of an August 31, 2011 decision of the BIA, affirming the July 27, 2010 decision of Immigration Judge ("IJ") Elizabeth Lamb, which found him ineligible for a waiver of the joint filing requirement for a petition to remove conditions on residence under 8 U.S.C. § 1186a(c)(4) and 8 C.F.R. § 1216.5(a). In re Azam Chowdhoury, No. A046 764 540 (B.I.A. Aug. 31, 2011), aff'g No. A046 764 540 (Immig. Ct. N.Y.C. July 27, 2010). We review the IJ's decision as modified by the BIA, see Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005), and in doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny in part and dismiss in part.

Chowdhoury argues that the IJ (1) committed legal error in giving preclusive effect to the state court judgment of annulment with respect to whether Chowdhoury's marriage was fraudulent, and (2) violated his due process rights in refusing to permit his witnesses to testify. Chowdhoury further contends that (3) the BIA erred in failing to review de novo the IJ's finding that Chowdhoury had not carried his burden of proof. Assuming that these

2

arguments present questions of law that we have jurisdiction to review, see 8 U.S.C. § 1252(a)(2)(D), we conclude that the record defeats all three.[1]

First, the IJ explicitly stated that she regarded the annulment as strong evidence relevant to, but not determinative of, whether Chowdhoury entered into his marriage in good faith. Chowdhoury's argument is meritless in any event because, in finding that Chowdhoury failed to carry his burden of proof, the BIA based its determination solely on its assessment of the evidence Chowdhoury introduced, "[i]rrespective of the judgment of annulment." In re Azam Chowdhoury, No. A046 764 540, slip op. at *2 (B.I.A.). Thus, even if the IJ erred in applying the law, such error did not infect the agency's decision. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 122 (2d Cir. 2007) (reiterating that when BIA issues an opinion that "constitutes the final agency determination, [a review court] may consider only those issues that formed the basis for that decision").

Second, Chowdhoury did not indicate during the August 2007 master calendar hearing that he intended to offer witness testimony. Further, at the merits hearing, Chowdhoury's counsel told the IJ that it would not be necessary to call the six witnesses on his witness list.

---

[1] It is an open question in this circuit whether the agency's threshold determination of an alien's eligibility for a waiver under 8 U.S.C. § 1186a(c)(4) is a discretionary decision not subject to judicial review, see 8 U.S.C. § 1252(a)(2)(B)(ii); Atsilov v. Gonzales, 468 F.3d 112, 116 (2d Cir. 2006), but we need not decide that issue here because Chowdhoury's legal claims are meritless, and we lack jurisdiction to review his challenges to the agency's underlying factfinding, see Contreras-Salinas v. Holder, 585 F.3d 710, 713–14 (2d Cir. 2009).

3

Thus, he cannot now complain that the agency denied him a meaningful opportunity to elicit testimonial evidence from those witnesses. See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008).

Third, the BIA expressly acknowledged that it reviewed the IJ's burden finding de novo and conducted an independent evaluation of the evidence in the record, deeming Chowdhoury's evidence, consisting only of his testimony and letters from his friends, insufficient to establish that he had entered into his marriage in good faith. See 8 C.F.R. § 1003.1(d)(3)(ii); Matter of A-S-B-, 24 I. & N. Dec. 493, 497 (B.I.A. 2008).

Finally, insofar as Chowdhoury argues that the agency should have credited his testimony, given it more weight, and not expected him to submit additional evidence to carry his burden, Chowdhoury effectively challenges only the agency's determinations regarding weight and credibility of the evidence. See Contreras-Salinas v. Holder, 585 F.3d 710, 713–15 (2d Cir. 2009) (concluding that credibility determinations and relative weight accorded to record evidence are not questions of law). We lack jurisdiction to review what was essentially a factual finding, despite Chowdhoury's efforts to recast his arguments as legal questions. See Boluk v. Holder, 642 F.3d 297, 304 (2d Cir. 2011); see also Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 330 (2d Cir. 2006) (holding that petitioner cannot "secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion").

4

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART.  Petitioner's request for oral argument is DENIED.  <u>See</u> Fed. R. App. P. 34(a)(2); 2d Cir. Local R. 34.1(b).

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court