17-2627 (L)
Alom v. Whitaker

## UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: August 21, 2018          Decided: December 17, 2018)

Docket Nos. 17-2627 (L), 18-1384 (Con)
_____

MD TITUMIR ALOM,

*Petitioner*,

v.

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before: HALL, LOHIER, *Circuit Judges*, and RESTANI, *Judge*.[1]

Petitioner MD Titumir Alom, a native and citizen of Bangladesh, seeks review of two decisions of the Board of Immigration Appeals. The first affirmed his order of removal and an immigration judge's denial of a waiver of the the joint filing requirement to remove the conditions on his permanent resident status on the grounds that his marriage had not been entered in good faith. The second denied Alom's motion to reopen and reconsider. Alom argues that (1) the Board erred by reviewing the waiver denial for clear error rather than de novo; and (2) the Board ignored evidence presented with his motion to reopen to demonstrate that he and his ex-wife entered into their marriage in good faith. We remand to the agency on the first point because the Board applied only clear error review. Although the underlying factual findings are subject to such review, whether the evidence satisfies a petitioner's burden to prove entitlement to a good faith marriage waiver is a mixed question of law and fact subject to de novo review. Alom's second argument is abandoned because

---

[1] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

he does not assert a meaningful challenge to the agency's denial of reopening and reconsideration.

Petition granted in part and denied in part.

———————————

KHAGENDRA GHARTI-CHHETRY, New York, NY, *for Petitioner*.

IMRAN R. ZAIDI, Attorney, Office of Immigration Litigation, Civil Division (Chad A. Readler, Acting Assistant Attorney General, Civil Division; Julie M. Iversen, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington DC, *for Respondent*.

———————————

PER CURIAM:

Petitioner, MD Titumir Alom, a native and citizen of Bangladesh, seeks review of a July 28, 2017 decision of the Board of Immigration Appeals ("BIA") affirming an October 3, 2016 decision of an Immigration Judge ("IJ") denying Alom's application for a good faith marriage waiver of the joint filing requirement to remove the conditions on his permanent residency. Alom also seeks review of an April 9, 2018 decision of the BIA denying his motion to reopen and reconsider. The issues before us are whether (1) the BIA applied the wrong standard of review in considering the IJ's good faith marriage determination; and (2) whether the BIA abused its discretion when it declined to reopen or reconsider. We answer the first question in the affirmative: the BIA invoked only clear error review, but whether a petitioner satisfied his burden of proof for a good faith marriage waiver is a mixed question of law and fact subject to de novo review. We decline to answer the second question because Alom has abandoned any challenge to the BIA's denial of his motion to reopen and reconsider by failing to sufficiently argue it in his brief.

**BACKGROUND**

Alom entered the United States as a conditional lawful permanent resident in May 2005 based on his marriage to Shahrine Naz, a U.S. citizen. Alom and Naz began their courtship in the summer of 2002 while Naz was vacationing in Bangladesh; she married Alom during another trip to Bangladesh in the summer of 2003 but returned to the United States shortly thereafter to continue her college studies. They divorced in December 2005, approximately six months after Alom came to the United States.

A non-citizen who marries a U.S. citizen has conditional lawful permanent resident ("LPR") status for two years after admission, after which the couple must file a joint request to remove the conditions. *See* 8 U.S.C. § 1186a(a)(1), (d)(2)(A) (requiring petition to remove conditions to be filed during 90-day period preceding two-year anniversary of admission as LPR). As a result of his divorce from Naz, Alom was unable to file the required joint request to remove the conditions. However, a non-citizen may request a waiver of the joint filing requirement if the non-citizen spouse entered the marriage in good faith and either the marriage was later terminated (other than through death) and the non-citizen was not at fault or the non-citizen "was battered by or was the subject of extreme cruelty perpetrated by his or her spouse." *Id*. § 1186a(c)(1)(A), (4)(B)–(C); 8 C.F.R. § 216.5.

Alom requested a waiver of the joint filing requirement, initially alleging that he was battered or subject to extreme cruelty by Naz. The U.S. Citizenship and Immigration Services ("USCIS") denied that petition for insufficient evidence. He then sought a waiver

3

on the ground that the marriage was entered into in good faith. USCIS again denied a waiver and then terminated Alom's conditional LPR status, finding that Alom failed to prove that his marriage to Naz was bona fide, i.e., that it was not entered into to evade immigration laws. In October 2009, the Department of Homeland Security placed Alom in removal proceedings because his conditional LPR status was terminated.

Before the IJ, Alom renewed his requests for a waiver of the joint filing requirement and offered testimony in support. The IJ denied relief, concluding that Alom failed to meet his burden of proving a good faith marriage because he had no evidence of how long he and Naz cohabitated after their marriage, no evidence of joint finances, and no photographs of the wedding ceremony, and there were no children from the marriage. Naz's divorce filing alleged that Alom disappeared shortly after his arrival in the United States and his brother eventually told Naz that Alom was in hiding. The IJ concluded that Alom's failure to contest those claims in the divorce proceeding and his admission that he was still in contact with Naz damaged his credibility given that he did not call her as a witness, obtain an affidavit from her, or provide her contact information to the Government's counsel. Further, the IJ found that Alom's testimony that he fled to New York from Georgia, where he had been living with Naz and her family, when Naz failed to pick him up from work was contrary to his professed dedication to his marriage. Altogether, the IJ found Alom's account incredible and his evidence insufficient to establish a bona-fide marriage.

Alom appealed to the BIA, arguing that the IJ erred by (1) crediting Naz's statements in the divorce proceeding that Alom disappeared over an affidavit from his brother that Naz's family did not want him; (2) concluding that Alom was not credible

4

solely because he did not get an affidavit from Naz, given that he explained that he did not want to cause problems in Naz's current marriage; (3) refusing to credit a witness who testified to attending Alom and Naz's wedding and a witness who testified that the couple was happy when they were together in Bangladesh, or email correspondence between the couple before their marriage; (4) ignoring Alom's testimony that he tried to save his marriage; (5) failing to give Alom an opportunity to explain his and Naz's finances; and (6) relying on their not having any of children.

The BIA explained that Alom had to show that he entered into the marriage in good faith, noted that the parties' post-marriage conduct is relevant to intent, and commented that relevant considerations included combined finances, length of cohabitation, children, and testimony or statements from people who knew the couple before and after the marriage. The BIA also stated that "[w]hether a marriage was entered into in good faith is a factual question" subject to clear error review and concluded that the facts here—the short duration of Alom's cohabitation with Naz, the quick onset of their divorce after Alom came to the United States, and the lack of children or evidence of combined finances or assets—supported the IJ's decision. Certified Administrative Record ("CAR") 177. As to Alom's challenges to the weight the IJ gave the competing evidence (the record of the divorce proceedings and Alom's version of events), the BIA ultimately concluded that on clear error review there was no basis to reverse the IJ's interpretation of the evidence "simply because the facts could have been viewed differently." *Id.* 177–78.

Alom timely moved for reopening and reconsideration of the BIA's decision. The evidence he submitted in support of reopening purported to show a good faith marriage—

5

namely, Alom's own updated affidavit; Naz's passport demonstrating that she traveled to Bangladesh twice after their marriage; wedding photographs; an airline ticket showing Alom's attempt to visit Naz in Atlanta; social media messages (from after their divorce); and email correspondence (while Alom lived in Bangladesh). Alom also argued that the BIA and IJ had ignored evidence, including evidence that removal would cause him hardship.

As to reopening, the BIA concluded that Alom's additional evidence was not new or previously unavailable. In denying reconsideration, the BIA ruled that Alom's arguments that the IJ ignored evidence were not grounds for reconsideration because they either were or could have been raised initially on appeal. Moreover, Alom's claim of potential hardship was not relevant to the good faith marriage inquiry and therefore did not support reconsideration.

## DISCUSSION

A conditional permanent resident and his citizen spouse must jointly petition to remove the conditions on the non-citizen spouse's residency during the 90-day period preceding the two-year anniversary of permanent residency. 8 U.S.C. § 1186a(c)(1)(A), (d)(2). The joint petition requirement may be waived if, as argued here, "the qualifying marriage was entered into in good faith by the [non-citizen] spouse, but the qualifying marriage has been terminated (other than through the death of the spouse)." *Id.* § 1186a(c)(4)(B); *see also Boluk v. Holder*, 642 F.3d 297, 299 (2d Cir. 2011). "The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security." 8 U.S.C.

6

§ 1186a(c)(4)(D). It is the non-citizen's burden to demonstrate that "the qualifying marriage was entered into in good faith by the alien spouse." *Boluk*, 642 F.3d at 302 (quoting 8 U.S.C. § 1186a(c)(4)(B)). "The central question is whether the bride and groom intended to establish a life together at the time they were married." *In re Laureano*, 19 I. & N. Dec. 1, 2–3 (B.I.A. 1983).

We have reviewed the decisions of both the IJ and the BIA. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). Although our jurisdiction to review denials of discretionary relief, including the waiver at issue here, is limited to "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(B)(ii), (D); *Contreras-Salinas v. Holder*, 585 F.3d 710, 713 (2d Cir. 2009) (per curiam), we retain jurisdiction to review the question of law that Alom raises: whether the BIA applied the wrong standard of review, *see Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007) (holding that whether an "agency applied an erroneous legal standard in making a discretionary determination" is a reviewable question of law).

The BIA reviews an IJ's factual findings for clear error but "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(i)–(ii). The question here is whether the good faith marriage determination is a factual question (that the BIA properly reviewed for clear error) or a question of law or a mixed question of law and fact (that the BIA should have reviewed de novo).

In determining our own jurisdiction, we have noted that this issue—whether this eligibility determination is a question of law or fact—is unresolved. *See Contreras-*

7

*Salinas*, 585 F.3d at 713. At least one other circuit has concluded that "whether the credited evidence meets the good faith marriage standard is a legal question subject to de novo review." *Upatcha v. Sessions*, 849 F.3d 181, 187 (4th Cir. 2017). BIA precedent also supports this view. We now resolve the issue and agree with the Fourth Circuit that de novo review applies to the mixed question of law and fact of whether Alom established that his marriage was entered into in good faith under § 1186a(c)(4)(B). Accordingly, we grant Alom's petition and remand for the BIA to apply the correct standard.

When determining whether established facts are sufficient to meet a legal standard, the BIA has an obligation to conduct an independent evaluation of the evidence in the record under a de novo standard of review. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *In re A-S-B-*, 24 I. & N. Dec. 493, 497 (B.I.A. 2008), *overruled in part on other grounds by In re Z-Z-O-*, 26 I. & N. Dec. 586, 589–91 (B.I.A. 2015). "Where the Board reviews . . . a mixed question of law and fact . . . the Board will defer to the factual findings of the immigration judge unless clearly erroneous, but the Board members will retain their 'independent judgment and discretion,' subject to the applicable governing standards, regarding the review of pure questions of law and the application of the standard of law to those facts." *BIA: Procedural Reforms to Improve Case Management*, 67 Fed. Reg. 54,878, 54,888–89 (Aug. 26, 2002) (to be codified at 8 C.F.R. pt. 3). "In determining whether established facts are sufficient to meet a legal standard, . . . the Board is entitled to weigh the evidence in a manner different from that accorded by the Immigration Judge, or to conclude that the foundation for the Immigration Judge's legal conclusions was insufficient or otherwise not

8

supported by the evidence of record." *In re A-S-B-*, 24 I. & N. Dec. at 497 (addressing BIA's review of IJ's well-founded fear determination for asylum).

Although not always fully consistent, the BIA's unpublished decisions generally support the conclusion that the ultimate determination of whether a marriage was entered into in good faith is a mixed question of law and fact subject to de novo review. *See In re Moody*, 2012 BIA LEXIS 40, at *1–2 (B.I.A. Jan. 20, 2012) ("Upon our *de novo* review, we agree with the Immigration Judge that the respondent has not established that she is eligible for a [good faith marriage] waiver" (emphasis added)), *aff'd*, *Moody v. Holder*, 523 F. App'x 88 (2d Cir. 2013) (summary order); *In re Chhay*, 2010 WL 1747403, at *2 (B.I.A. Apr. 15, 2010) ("As the question for consideration is whether the respondent has established, as a matter of law, that his marriage was entered into in good faith, so as to qualify for a waiver . . ., the Immigration Judge's decision denying a . . . waiver is reviewed by this Board on a *de novo* basis."); *see also Chowdhoury v. Holder*, 494 F. App'x 182, 184 (2d Cir. 2012) (summary order) (upholding BIA's de novo review of IJ's finding that petitioner had not entered into his marriage in good faith). *But see In re Patel*, 2008 WL 5025243, at *2 (B.I.A. Nov. 15, 2008) ("The intent of the parties at the time of the marriage is a factual question, and therefore this aspect of the Immigration Judge's decision denying a [good faith marriage] waiver . . . is reviewed by this Board for clear error.").

The Government concedes that we have not expressly considered the appropriate standard of review to apply to an immigration judge's good faith marriage determination. Nevertheless, it argues that such determinations present only factual questions and are reviewed for clear error by the BIA. For the following reasons, we disagree with the

9

Government's position. We have applied a de novo standard of review to mixed questions of law and fact concerning whether a non-citizen meets the required standard for relief in analogous contexts. For example, while we review an IJ's factual findings for substantial evidence, questions of law, such as "what evidence will suffice to carry an asylum applicant's burden of proof," are reviewed de novo. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (internal quotation marks omitted). Similarly, where an asylum applicant is deemed credible, the IJ's ultimate conclusion that the facts do not meet the legal definition of persecution is a "mixed question of law and fact, which we review *de novo*." *Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) (per curiam); *see also Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (explaining that for asylum based on membership in a particular social group, de novo review applies to "whether the social group [petitioner] has described satisfies the statutory standard").

In the present case, the BIA expressly stated that "[w]hether a marriage was entered into in good faith is a factual question" subject to clear error review. CAR 177. And at the end of its decision, it emphasized that it could not "reverse an Immigration Judge's decision simply because the facts could have been viewed differently," concluding that it would not disturb an IJ's ruling if it "was based on a permissible view of the evidence." CAR 178. But these statements conflict with the BIA's published authority holding that where the question is whether established facts meet a legal standard, the BIA may weigh the evidence differently than the IJ. *See In re A-S-B-*, 24 I. & N. Dec. at 497. Here, the established facts—subject to clear error review by the BIA—were that the couple married in Bangladesh in mid-2003, barely resided together during their marriage, divorced six

10

months after Alom's entry to the United States in 2005, and had no children or demonstrable marital property. But the BIA failed to acknowledge the de novo standard applicable to the mixed question of whether the established facts were sufficient to establish a good faith marriage under § 1186a(c)(4)(B). In fact, the BIA's commentary implies that it applied only clear error review to the entirety of the good faith marriage determination (i.e., whether the established facts demonstrated that Alom entered his marriage in good faith) and did not contemplate its authority to reweigh the evidence or to conclude that the IJ's legal conclusions were insufficient. *See id.* In sum, although the BIA properly reviewed the IJ's credibility and other factual findings for clear error, it erred by not treating the ultimate determination of whether Alom met his burden as a mixed question of law and fact subject to de novo review. *See, e.g.*, *In re Moody*, 2012 BIA LEXIS 40, at \*1–2. Accordingly, we grant the petition and remand for the BIA to apply the appropriate standards of review. *See Upatcha*, 849 F.3d at 185–87.

We deny the petition in remaining part to the extent it challenges the BIA's denial of reopening and reconsideration. Alom dedicates only two conclusory sentences to this decision and cites no legal authority or record evidence. Because Alom fails to assert a meaningful challenge to the BIA's denial of his motion to reopen and reconsider, he has abandoned review of that decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider an issue that is mentioned in a "single conclusory sentence").

11

**CONCLUSION**

For the foregoing reasons, the lead petition for review is GRANTED and the case is REMANDED to the BIA with instructions to apply the appropriate de novo standard of review to the IJ's denial of a good faith marriage waiver. It is further ORDERED that the consolidated petition is DENIED because the Petitioner has abandoned any challenge to the denial of reopening and reconsideration.