Barikyan v. Barr

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018
NO. 18-14-CV


ALEKSANDR EDUARDOVICH BARIKYAN,
*Petitioner*,


*v.*


WILLIAM BARR, UNITED STATES ATTORNEY GENERAL,
*Respondent.*[1]


ARGUED: DECEMBER 12, 2018
DECIDED: MARCH 4, 2019


Before:     JACOBS, CALABRESI, *Circuit Judges*; RAKOFF\*, *District Judge*.


Petitioner Aleksandr Eduardovich Barikyan, a native and citizen of Russia, was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and charged as removable by the Department of Homeland Security as an aggravated felon under § 1101(a)(43)(D).   He seeks review of an order of the Board of Immigration Appeals affirming a decision of an Immigration Judge ordering his removal.   He argues (i) that conviction for conspiracy to commit money laundering under § 1956(h) is not defined as an aggravated felony under 8 U.S.C. § 1101(a)(43)(D), and (ii) that the Government

---

[1]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William Barr is automatically substituted for former Attorney General Jefferson B. Sessions III, as Respondent.

\*Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

did not sustain its burden of showing by clear and convincing evidence that he laundered more than $10,000, as required for his removal.  We deny the petition for review.

BENJAMIN R. WINOGRAD,
IMMIGRANT & REFUGEE APPELLATE CENTER,
LLC, ALEXANDRIA, VA, FOR THE PETITIONER.

JOSEPH H. HUNT, ASSISTANT ATTORNEY
GENERAL; ANTHONY C. PAYNE, ASSISTANT
DIRECTOR, OFFICE OF IMMIGRATION
LITIGATION; LIZA S. MURCIA, ATTORNEY,
UNITED STATES DEPARTMENT OF JUSTICE,
WASHINGTON, D.C., FOR THE RESPONDENT.

DENNIS JACOBS, *Circuit Judge*:

Petitioner Aleksandr Eduardovich Barikyan, a native and citizen of Russia, petitions for review of a 2017 order of the Board of Immigration (the "BIA") affirming a 2016 decision of an Immigration Judge (the "IJ") ordering his removal.  Barikyan entered the United States on a temporary visa in December 1996, and became a lawful permanent resident in December 2008.  In February 2016, Barikyan was convicted, pursuant to a guilty plea, of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  He was sentenced to three years' probation, and ordered to forfeit $120,000.

Based on this conviction, the Department of Homeland Security ("DHS") charged Barikyan as an aggravated felon under 8 U.S.C. § 1101(a)(43)(D), and placed him in removal proceedings in July 2016.  On December 26, 2017, the IJ found Barikyan removable as an aggravated felon.  The BIA affirmed the IJ's removal order.

Barikyan timely petitioned this Court for review.  On appeal, he argues (i) that his conviction for conspiracy to commit money laundering under § 1956(h) is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(D), and (ii) that the Government did not show by clear and convincing evidence that he laundered more than $10,000, as required for his removal.  For the following reasons, the

2

petition for review is denied.

## I.

We review the IJ's decision as supplemented by the BIA. See Wala v. Mukasey, 511 F.3d 102, 105 (2d Cir. 2007). Our review is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(C) & (D); whether a conviction is an aggravated felony is a question of law over which we retain jurisdiction, Santana v. Holder, 714 F.3d 140, 143 (2d Cir. 2013). "While this Court gives substantial deference to the BIA's interpretation of the [Immigration and Nationality Act], a statute it is charged with administering, we review de novo its interpretation of state and federal criminal laws." Id.; see Chevron, U.S.A, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984). Unpublished BIA decisions, such as the one in this case, are not entitled to Chevron deference; we generally review such decisions de novo. Varughese v. Holder, 629 F.3d 272, 274 (2d Cir. 2010).

## II.

Barikyan argues that conspiracy to commit money laundering pursuant to 18 U.S.C. § 1956(h) is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(D), the provision under which he was charged as removable.

"Statutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there. In conducting such an analysis, we review the statutory text, considering the ordinary or natural meaning of the words chosen by Congress, as well as the placement and purpose of those words in the statutory scheme." Cruz-Miguel v. Holder, 650 F.3d 189, 195 (2d Cir. 2011) (internal quotation marks and citations omitted) (quoting Dobrova v. Holder, 607 F.3d 297, 301 (2d Cir. 2010)).

Section 1101(a)(43)(D) defines an aggravated felony to include "an offense described in section 1956 of Title 18 (relating to money laundering of monetary instruments) . . . if the amount of the funds exceeded $10,000." Subsection (h) of § 1956 criminalizes conspiracy to commit money laundering. See 18 U.S.C. § 1956(h) ("Any person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."). The plain

statutory language renders Barikyan's conviction for conspiracy under § 1956(h) an aggravated felony under § 1101(a)(43)(D) because it is "an offense described in section 1956 of Title 18."

Barikyan argues that the only subsection under which he could have been properly charged is § 1101(a)(43)(U), which provides that "an attempt or conspiracy to commit an offense described in this paragraph" is an aggravated felony, because reading § 1101(a)(43)(D) to include conspiracy to commit money laundering as an aggravated felony would render § 1101(a)(43)(U) superfluous. True, § 1101(a)(43)(U) may have no bearing on conspiracies to commit money laundering, because they are also covered by § 1101(a)(43)(D); but § 1101(a)(43)(U) nevertheless retains vitality and effect.   For example, § 1101(a)(43)(A) defines "murder, rape, or sexual abuse of a minor" as an aggravated felony, and it is only by virtue of § 1101(a)(43)(U) that conspiracies to murder, rape, or sexually abuse a minor are also defined as aggravated felonies (and thus removable offenses).

Barikyan argues that this case is controlled by <u>Matter of Richardson</u>, 25 I. & N. Dec. 226 (BIA 2010), which he characterizes as requiring that a conspiracy to commit money laundering be charged under § 1101(a)(43)(U).   However, <u>Matter of Richardson</u> did not consider § 1101(a)(43)(D), the provision at issue in this case.   To the extent any observation in <u>Richardson</u> could be read to suggest that § 1101(a)(43)(D) cannot be used to charge Barikyan as removable, it cannot overcome the plain and unambiguous wording of § 1101(a)(43)(D), which defines conspiracy to commit money laundering as an aggravated felony.

Lastly, Barikyan argues that the word "offense" in § 1101(a)(43)(D) refers only to substantive offenses, not to conspiracy.   He relies on § 1956(h), which states that "[a]ny person who conspires to commit any offense defined in [§ 1956] is subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."   Because "offense" in this provision refers to substantive offenses set forth elsewhere in § 1956, Barikyan argues that "offense" in § 1101(a)(43)(D) must also refer only to substantive offenses.   But the contrived meaning of "offense" in a single sentence in § 1956 should not be imported into the definition of "offense" in § 1101(a)(43)(D).   An "offense" is defined as a "violation of the law," <u>see</u> Black's Law Dictionary (10th ed. 2014), and can reference substantive and conspiracy

4

offenses alike.    Section 1956(h) does not limit the meaning of "offense" in § 1101(a)(43)(D).

Accordingly, under the plain language of § 1101(a)(43)(D), conspiracy to commit money laundering under § 1956(h) is an aggravated felony, and Barikyan is removable under that provision.

### III.

Conspiracy to commit money laundering is an aggravated felony only "if the amount of the funds exceeded $10,000."    § 1101(a)(43)(D).    Barikyan argues that the IJ and the BIA incorrectly concluded that the Government demonstrated by clear and convincing evidence that he laundered more than $10,000.

Barikyan seeks a remand on the ground that the BIA improperly applied the clear error standard of review to the IJ's amount-of-funds determination, which he argues is a legal conclusion that the BIA should review de novo.    See 8 C.F.R. § 1003.1(d)(3)(i) (factual findings reviewed by the BIA for clear error); 8 C.F.R. § 1003.1(d)(3)(ii) (questions of law reviewed by the BIA de novo).

The parties do not dispute that the "circumstance-specific" approach applies to the amount-of-funds determination, and therefore that the IJ and BIA were permitted to review Barikyan's record of conviction for evidence of the amount of money that he laundered. See Varughese, 629 F.3d at 274-75.    The IJ duly consulted the record of conviction and the forfeiture order to determine whether Barikyan laundered more than $10,000.    This unremarkable exercise of fact-finding did not entail the decision of any legal question,[2] or the application of a factual finding to a legal standard.[3]    Therefore, the amount-of-funds

---

[2] An amount-of-funds determination might require the court to resolve a question of law if, for example, the petitioner argued that some funds were not "laundered," as that term is defined under the law.    No such argument is made in this petition.

[3]  For this reason, our recent decision in Alom v. Whitaker, 910 F.3d 708 (2d Cir. 2018), is distinguishable.    In Alom, the IJ was required to find facts from the evidence (the circumstances of a marriage) and also to determine whether those facts satisfied a legal standard (whether such a marriage was entered in "good faith," as that term is defined by the law).    We concluded that de novo review applied to that determination.    See id. at 712-14.    Here, the IJ's factual determination as to the amount-of-funds laundered

determination in this case was a factual finding, and the BIA properly reviewed the IJ's determination for clear error.

Alternatively, Barikyan argues that the BIA failed to require proof by clear and convincing evidence. To grant the petition on this basis, we "must find that any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." Francis v. Gonzales, 442 F.3d 131, 138-39 (2d Cir. 2006).

Barikyan has not challenged the reliability of the $120,000 forfeiture order (which the agency was permitted to rely on under the circumstance-specific approach); nor has he pointed to any evidence that conflicts with the order. Instead, he argues that the forfeiture order cannot be relied upon as a measure of the funds that were actually laundered, because the criminal forfeiture statute sometimes requires forfeiture of legitimate funds. See 18 U.S.C. § 982(a)(1) (requiring forfeiture of all property traceable to, or commingled with, laundered funds). Barikyan posits that some of the forfeited funds could have been proceeds of an investment he made with laundered funds, or legitimate funds that were commingled with tainted cash. But Barikyan offers no evidence that these hypotheticals came to pass in his case. Under these circumstances, it was not clear error for the agency to find that at least $10,000 of the $120,000 forfeiture amount (less than 10%) reflected funds that were actually laundered.[4]

Barikyan points out that a forfeiture order need only be supported by a preponderance of the evidence, and argues that the IJ and BIA improperly relied on the amount-of-funds determination in the forfeiture order to satisfy the clear and convincing evidence standard required for removal. The BIA considered this argument in Matter of Babaisakov, 24 I. & N. Dec. 306 (B.I.A. 2007), and

---

was not tested under any legal standard.

[4] Barikyan conceded in his sentencing submission that he was "responsible for a loss amount of $1,453,251." Joint App'x 274. While not relied on by the IJ, this concession reinforces the agency's conclusion that Barikyan laundered more than $10,000. Nijhawan v. Holder, 557 U.S. 29, 42-43 (2009) (concluding that there was "nothing unfair" about the IJ relying on the petitioner's "own stipulation, produced for sentencing purposes," and on the sentencing court's restitution order to find the requisite loss amount).

concluded that, under some circumstances, "[f]acts found by a preponderance may also meet more stringent evidentiary tests." Id. at 319-20. The BIA acknowledged that facts "must be assessed with an eye to . . . the burden of proof employed," id. at 319, but offered examples of circumstances under which a higher evidentiary test nevertheless may be met: "[A] defendant's failure to contest, during the criminal proceedings, a fact found by a preponderance would bear on whether that fact was reliable for removal purposes as well, especially in the absence of any showing in removal proceedings that there was error in the criminal proceedings respecting that fact," id. at 320. "Similarly, the degree by which a loss is found to exceed $10,000 may also bear on whether the evidence derived from a restitution order or PSR could carry the burden in removal proceedings." Id. at 320 n.11.

Applying those considerations, we conclude that the IJ did not err in finding that the forfeiture order constituted clear and convincing evidence that Barikyan laundered more than $10,000. Barikyan advances no reason to undermine this finding: he failed to contest the forfeiture order in the criminal proceedings or show that there was an error in those proceedings; and the order required forfeiture of an amount that far exceeded $10,000. Accordingly, the IJ's reliance on the forfeiture order was appropriate, and the IJ did not commit clear error in finding that the Government had established that Barikyan laundered more than $10,000 by clear and convincing evidence.

*****

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

7