Hunter v. Garland

BIA
Hochul, IJ
A210 067 396

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-four.

PRESENT:
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges,*
> MARGARET M. GARNETT,
> > *District Judge.\**

_____

CLIFTON CLAUDE HUNTER,
> *Petitioner,*

v.      **23-6384**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

---

\* Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER:**              Matthew K. Borowski, Borowski Witmer
                               Immigration Lawyers, Buffalo, NY.

**FOR RESPONDENT:**             Brian M. Boynton, Principal Deputy Assistant
                               Attorney General; Aimee J. Carmichael, Acting
                               Assistant Director; Walter Bocchini, Senior
                               Litigation Counsel, Office of Immigration
                               Litigation, U.S. Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Clifton Claude Hunter, a native and citizen of Jamaica, seeks review of a March 24, 2023 decision of the BIA that affirmed a March 5, 2019 decision of an Immigration Judge ("IJ") denying his petition to remove conditions on his permanent resident status and ordering his removal. *In re Clifton Claude Hunter*, No. A210 067 396 (B.I.A. Mar. 24, 2023), *aff'g* No. A210 067 396 (Immigr. Ct. Buffalo Mar. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's decisions. *See Bador v. Garland*, 107 F.4th 75, 79 (2d Cir. 2024). We review de novo questions of law (such as whether the agency applied a correct standard) and mixed questions of law and fact (such as whether established facts demonstrate a good faith marriage), while we review for substantial evidence the agency's underlying factual findings. *See Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022); *Alom v. Whitaker*, 910 F.3d 708, 709, 712–

13 (2d Cir. 2018) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004).

**A.  Burden of Proof**

We find no merit to Hunter's arguments that the IJ placed the burden on him to show that his marriage was bona fide and held him to an overly stringent evidentiary standard.   In a proceeding to review the termination of conditional permanent resident status, "the burden of proof shall be on the Secretary of Homeland Security to establish, by a preponderance of the evidence, that the facts and information . . . alleged in the petition [to remove conditional status] are not true with respect to the qualifying marriage."   8 U.S.C. § 1186a(c)(3)(D).   As the BIA found, the IJ repeatedly and explicitly stated, at both a hearing and in her decision, that the Department of Homeland Security ("DHS") had the burden to establish that Hunter's marriage was not bona fide, and that DHS had satisfied that burden.

Hunter also argues that the IJ incorrectly applied the evidentiary standard for applications to waive the joint petition requirement in 8 C.F.R. § 1216.5(e)(2), instead of the less stringent requirements for joint petitions (like his) in 8 C.F.R. § 1216.4(a)(5). Although these provisions list different documents to be considered, they both permit consideration of any relevant evidence; thus, as the BIA concluded, neither provision is more stringent than the other.   *See* 8 C.F.R. §§ 1216.4(a)(5)(vi), 1216.5(e)(2)(iv).   Further, contrary to Hunter's contention that the IJ failed to consider third-party statements because § 1216.5(e)(2) does not list affidavits as a form of acceptable evidence, the IJ

3

explicitly considered an affidavit from Hunter's sister-in-law. Therefore, insofar as the IJ cited the wrong regulatory provision related to evidence of a bona fide marriage, that error did not result in the IJ failing to consider certain types of evidence. *See Hernandez v. Garland*, 66 F.4th 94, 103 (2d Cir. 2023) ("[M]inor errors do not require remand when remand would be pointless or futile, such as where there is an alternative and sufficient basis for the result, or the error is tangential to non-erroneous reasoning." (quotation marks and alterations omitted)).

**B. Scope of Review**

There is also no merit to Hunter's argument that the BIA applied the wrong standard of review. The BIA explicitly stated that it had considered the ultimate issue of whether Hunter's marriage was bona fide de novo, which is the correct standard for a mixed question of law and fact. *See Alom*, 910 F.3d at 713 (explaining that "the de novo standard [is] applicable to the mixed question of whether the established facts were sufficient to establish a good faith marriage"). And, contrary to Hunter's argument, the BIA did not err in reviewing for clear error the IJ's underlying factual findings that certain evidence was not credible due to inconsistencies. *See id.* at 714 (concluding that "the BIA properly reviewed the IJ's credibility and other factual findings for clear error").

**C. Good Faith Marriage**

A non-citizen who "marries a U.S. citizen is eligible for lawful permanent resident status. But that status is initially granted only on a conditional basis." *Bador*, 107 F.4th

at 79 (citing 8 U.S.C. § 1186a(a)(1)). Two years after conditional status is obtained, spouses seeking to remove the conditions must file a joint petition. *See* 8 U.S.C. § 1186a(c)(1), (d)(2); 8 C.F.R. § 1216.4(a)(1); *Bador*, 107 F.4th at 79. The petition must be accompanied by evidence showing a bona fide marriage that "was not entered into for the purpose of evading the immigration laws of the United States." 8 C.F.R. § 1216.4(a)(5); *see also* 8 U.S.C. § 1186a(d)(1). "[P]articularly significant" to that issue are "contradictions in the petitioner's statement regarding the living arrangements of the parties"; "inconsistencies between the statements of the petitioner and the beneficiary"; "proof that the beneficiary has been listed as the petitioner's spouse on any insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence and experiences." *Matter of Phillis*, 15 I. & N. Dec. 385, 387 (B.I.A. 1975); *see Matter of Soriano*, 19 I. & N. Dec. 764, 765–66 (B.I.A. 1988); *see also* 8 C.F.R. § 1216.4(a)(5).

The agency did not err in concluding that Hunter's marriage was not entered in good faith. As the IJ first acknowledged, Hunter and his wife had a joint bank account and joint auto insurance, they had filed joint tax returns, and they had a lease for a property, all of which supported a finding that their marriage was bona fide. However, the IJ found that evidence outweighed by, among other factors, Hunter's inability to provide his wife's birthdate, her siblings' names, or her work schedule at his interview with DHS, his and his wife's inconsistent statements regarding where they slept in their

5

purportedly shared home, his sister-in-law's written statement that Hunter and his wife "would hit it off soon" despite already having been married for years, his infidelity during the marriage, and his signing and filing visa applications reflecting a different marriage that he disavowed at the hearing.

Hunter does not challenge the agency's reliance on inconsistencies between his and his wife's statements regarding their living arrangements and his lack of knowledge about her personal information, which were significant and weighed against finding his marriage bona fide. *See Matter of Phillis*, 15 I. & N. Dec. at 387. He argues that the errors in previous visa applications regarding his marital status could simply have been a result of his failure to review the applications and thus were not relevant to the issue of the bona fides of his marriage, but his signature appears immediately below a certification that he had "read and understood all the questions set forth in this application" and that the answers were "true and correct to the best of [his] knowledge and belief," Certified Admin. Record at 236, thereby showing that, at a minimum, he was willing to sign and submit applications for immigration benefits regardless of their truth. *Cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the [petitioner]'s uncorroborated or unauthenticated evidence."). Hunter further argues that the agency erred in considering his infidelity during his marriage because it does not establish that the marriage was not bona fide, but "[t]he conduct of the parties *before and*

6

*after marriage* is relevant to their intent at the time of marriage." *Matter of Soriano*, 19 I. & N. Dec. at 765 (emphasis added); *see also Alzaben v. Garland*, 66 F.4th 1, 9–10 (1st Cir. 2023) ("[I]n appropriate circumstances, evidence of infidelity may be relevant to the evaluation of good faith as long as such evidence speaks to the couple's commitment to the marital relationship and such commitment, in turn, sheds light on the couple's intent at the inception of their marriage.").

Accordingly, on this record, we conclude that the agency did not err in denying Hunter's petition to remove the conditions of his permanent resident status. *See* 8 U.S.C. § 1186a(d)(1); 8 C.F.R. § 1216.4(a)(5); *see also Matter of Phillis*, 15 I. & N Dec. at 387.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court