*Chowdhury v. Bondi*

BIA
Nelson, IJ
A061 423 963

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

JAHANGIR CHOWDHURY,
> *Petitioner,*

v. 24-1170

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER: Mahfuzur Rahman, Elmhurst, NY.

FOR RESPONDENT: Brett A. Shumate, Acting Assistant Attorney General; Holly M. Smith, Assistant Director;

Krishana Patel, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jahangir Chowdhury, a native and citizen of Bangladesh, seeks review of an April 12, 2024 decision of the BIA that affirmed an October 1, 2019 decision of an Immigration Judge ("IJ") denying his request for a waiver of the joint petition requirement to remove conditions on his permanent resident status. *In re Jahangir Chowdhury*, No. A061 423 963 (B.I.A. Apr. 12, 2024), *aff'g* No. A061 423 963 (Immigr. Ct. N.Y.C. Oct. 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions. *See Bador v. Garland*, 107 F.4th 75, 79 (2d Cir. 2024). Because this is an appeal of a discretionary denial of Chowdhury's request for a waiver of the joint filing requirement, we lack jurisdiction to review questions of fact or the weighing of the evidence underlying the denial of that discretionary relief. *Wilkinson v. Garland*, 601 U.S. 209, 219, 222 (2024); *Contreras-Salinas v. Holder*, 585 F.3d 710, 713–14 (2d Cir. 2009) (holding that 8 U.S.C. § 1186a(c)(4) "clearly commit[s] to the [Secretary of Homeland Security's] 'sole discretion' the determination of 'what evidence is credible and the weight to be given that evidence'"); see 8 U.S.C.

§ 1252(a)(2)(B)(ii), (D). We, however, do have jurisdiction to review questions of law (such as whether the agency applied a correct standard) and mixed questions of law and fact (such as whether established facts demonstrate a good faith marriage). *See Wilkinson*, 601 U.S. at 222; *Arevalo v. Bondi*, 130 F.4th 325, 338–40 (2d Cir. 2025); *Alom v. Whitaker*, 910 F.3d 708, 712 (2d Cir. 2018). We review questions of law *de novo*, *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023), and for purposes of resolving this appeal, we assume, without deciding, that the same *de novo* standard applies to mixed questions of law and fact, *see Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024).

Because Chowdhury and his U.S. citizen wife divorced before the conditions were removed from his conditional permanent resident status obtained through that marriage, he needed a waiver of the requirement that he and his wife jointly petition to remove the conditions. 8 U.S.C. § 1186a(a)(1), (c)(1), (c)(4)(B). The joint petition requirement may be waived where "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse)." *Id.* § 1186a(c)(4)(B); *see Boluk v. Holder*, 642 F.3d 297, 302 (2d Cir. 2011). The conditional resident has the burden to establish that he entered into the qualifying marriage "in good faith." *Boluk*, 642 F.3d at 302 (quoting 8 U.S.C. § 1186a(c)(4)(B)). "In considering whether an alien entered into a qualifying marriage in good faith," the agency may consider "the degree to which the financial assets and liabilities of the parties

3

were combined" and "the length of time during which the parties cohabited after the marriage and after the alien obtained permanent residence," among other factors. 8 C.F.R. § 1216.5(e)(2).

Chowdhury primarily argues that the agency erred in concluding that his marriage was not entered into in good faith because the weight of the evidence was in his favor and his testimony was credible. But his arguments largely challenge how the agency weighed this evidence and what evidence it found most probative. Such arguments do not raise questions of law over which we have jurisdiction. *See Arevalo*, 130 F.4th at 340 (holding that "[a] challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact"). And his argument that the agency failed to consider the totality of the evidence, such as the marriage contract, is belied by the record.

To the extent he argues that the agency erred in considering evidence that post-dated the wedding, he raises the very same question of law raised and resolved in *Boluk*: "whether the [IJ] and the BIA applied an erroneous legal standard . . . by relying upon the course of the marriage subsequent to the wedding," because doing so is not a proper means of "ascertaining whether it was a good faith union *at the outset*." 642 F.3d at 303 (quotation marks and citations omitted; emphasis added). As we held in *Boluk*,

4

Chowdhury's argument fails because the statute allows for consideration of evidence of the course of the marriage. *See id.* (citing *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (B.I.A. 1983) (holding that "[t]he conduct of the parties after marriage is relevant to their intent at the time of marriage")). Section 1186a(d)(1)(B)(i) implies that post-marriage evidence is relevant by requiring that the petitioner identify the residences of the parties to the marriage since the date that the alien spouse obtained conditional permanent residence status. And the regulations identify post-marriage evidence that should be considered when determining whether a marriage was entered into in good faith, including the degree to which the couple combined their finances and the length of their cohabitation. *See* 8 C.F.R. § 1216.5(e)(2).

\* \* \*

We have considered Chowdhury's remaining claims and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5