25-840-ag
*Sheraz v. Bondi*

BIA
Straus, IJ
A096 707 767

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-six.

PRESENT:
JOSEPH F. BIANCO,
MYRNA PÉREZ,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

ALI SHERAZ,

     *Petitioner*,

     v.                        25-840-ag

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

     *Respondent*.

_____

| | |
|---|---|
| FOR PETITIONER: | Jon E. Jessen, Law Offices Jon E. Essen, LLC, Stamford, Connecticut. |
| FOR RESPONDENT: | Brett A. Shumate, Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED in part and DENIED in part**.

Petitioner Ali Sheraz, a native and citizen of Pakistan, seeks review of a March 20, 2025 decision of the BIA, affirming a March 10, 2021 decision of an Immigration Judge ("IJ"), which denied his request for a waiver of the joint petition requirement to remove the conditions on his lawful permanent resident ("LPR") status. *In re Ali Sheraz*, No. A096 707 767 (B.I.A. Mar. 20, 2025), *aff'g* No. A096 707 767 (Immigr. Ct. Hartford Mar. 10, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We have considered both the IJ's and the BIA's decisions. *See Bador v. Garland*, 107 F.4th 75, 79 (2d Cir. 2024). Because this is an appeal of a discretionary denial of Sheraz's request for a waiver of the joint filing requirement, our jurisdiction is limited to constitutional claims and questions of law; thus, although we can review the application of law to undisputed facts, we lack jurisdiction to review questions of fact or the weight given to individual pieces of evidence. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Wilkinson v. Garland*, 601 U.S. 209, 218–19, 222 (2024); *Arevalo v. Bondi*, 130 F.4th 325, 337–38 (2d Cir. 2025); *Alom v. Whitaker*, 910 F.3d 708, 712 (2d Cir. 2018). We review questions of law *de novo*, *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023), and for purposes of resolving this appeal, we assume, without deciding, that the same *de novo* standard applies to mixed questions of law and fact, *see Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024).

In 2008, Sheraz and his then-wife, a United States citizen, jointly petitioned United States Citizenship and Immigration Services ("USCIS") to remove the conditions on his LPR status. In October 2009, his wife withdrew the joint petition, stating that she married Sheraz so he could obtain a green card and that it was not a valid marriage. The next month, USCIS denied the

petition and terminated Sheraz's conditional resident status. Sheraz's wife subsequently recanted, claiming that she had been coerced by USCIS into making the October 2009 statement, and the couple jointly petitioned USCIS to remove the conditions on Sheraz's LPR status several more times, all of which were denied. In 2016, Sheraz and his wife divorced.

In 2018, Sheraz sought a waiver of the joint petition requirement—initially with USCIS, before which he failed to appear for an interview—and then before the IJ. To obtain a waiver of the joint petition requirement to remove the conditions on his LPR status following the divorce, Sheraz had to establish that "the qualifying marriage was entered into in good faith by the alien spouse." 8 U.S.C. § 1186a(c)(4)(B); *see also id.* § 1186a(a)(1), (c)(1); *Boluk v. Holder*, 642 F.3d 297, 302 (2d Cir. 2011). "In considering whether an alien entered into a qualifying marriage in good faith," the agency may consider, among other factors, "the degree to which the financial assets and liabilities of the parties were combined" and the "length of time during which the parties cohabited after the marriage and after the alien obtained permanent residence." 8 C.F.R. § 1216.5(e)(2)(i), (ii). In 2020, USCIS denied Sheraz's petition for a waiver. Sheraz sought review of the denial of his petition; in 2021, the IJ denied Sheraz's application for a good faith marriage waiver, finding that the evidence Sheraz submitted contained inconsistencies and did not otherwise overcome his wife's admission in 2009 that the marriage was fraudulent. Sheraz appealed the IJ's decision and, in 2025, the BIA dismissed his appeal.

Sheraz primarily argues that the agency erred in concluding that his marriage was not entered into in good faith because: (1) the weight of the evidence was in his favor; (2) his testimony was credible; and (3) the agency ignored the evidence that his wife recanted her withdrawal of the initial petition, as well as other evidence submitted to prove the bona fides of his marriage. Additionally, he argues that the agency violated his due process rights because he

3

did not have an opportunity to cross-examine the USCIS officer who he alleged coerced his wife in 2009 to withdraw the initial joint petition. As a threshold matter, to the extent that Sheraz challenges the weight the agency gave specific evidence and what evidence it found most probative, such arguments do not raise questions of law over which we have jurisdiction, and that part of his petition is therefore dismissed. *See Arevalo*, 130 F.4th at 338–40 (holding that we lack jurisdiction because "[a] challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact").

Moreover, Sheraz's argument that the agency committed an error of law by overlooking his evidence is belied by the record. The IJ considered Sheraz's evidence, but found it insufficient to overcome adverse factors—including his former wife's withdrawal of the initial petition, inconsistencies or incomplete financial records, and a suspect lease—and ultimately concluded that there were "too many doubts over the bona fides of [the] marriage" and denied the waiver. Certified Administrative Record ("CAR") at 71. In addition, although Sheraz suggests that it was the government's burden to show that his marriage was a sham, he is incorrect. The statutory language is clear that it was his burden to establish that the marriage was bona fide and entered into in good faith. *See Boluk*, 642 F.3d at 302 ("The statutory wording requires that '*the alien demonstrate*[] that . . . the qualifying marriage was entered into in good faith by the alien spouse, but the marriage has been terminated.'" (alteration in original) (quoting 8 U.S.C. § 1186a(c)(4)(B))).

Sheraz's due process argument also fails. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131,

4

134 (2d Cir. 2007) (internal quotation marks and citation omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks and citation omitted). Sheraz does not articulate how he was prejudiced by his inability to cross-examine the USCIS officers, and in any event, his claim fails because: (1) he did not call any USCIS officers to testify; (2) the IJ gave his wife an opportunity to testify at the merits hearing and explain her claim that she was coerced into withdrawing the initial petition, but she did not attend; (3) the handwritten withdrawal was in the record and the fact that his wife wrote it was not in doubt; and (4) the agency's decision was based on inconsistencies within Sheraz's documentary evidence, as well as USCIS's findings.

Additionally, Sheraz asserts that the BIA erred by reviewing the IJ's decision for clear error, rather than *de novo*. Sheraz fails to explain this argument beyond including it in a section header in his brief. In any case, any challenge to the BIA's standard of review is without merit. It is well settled that "[t]he BIA reviews an IJ's factual findings for clear error but 'may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.'" *Alom*, 910 F.3d at 712 (quoting 8 C.F.R. § 1003.1(d)(3)(i)–(ii)). Here, the BIA explicitly stated that it was applying this legal standard, and the substance of its analysis does not reflect otherwise.

Finally, Sheraz argues that the agency erred in its "hardship determination." Specifically, he contends that the IJ "did not seriously consider the emotional hardship and pain" he experienced when he discovered that his wife's child was not his. Petitioner's Br. at 21. As the government correctly notes, this claim is unexhausted. To be sure, Sheraz's final petition to remove the conditions reflected that he was applying for a waiver because his "marriage was entered in good

5

faith" and because termination of status and removal "would result in an extreme hardship." CAR at 412. However, he did not press a hardship claim before the IJ, and he did not object when the IJ noted that no evidence of hardship had been presented and clarified that the merits hearing would proceed only as to the good faith marriage waiver. Nor did he raise any argument regarding hardship before the BIA. As we have explained, "when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." *Vera Punin v. Garland*, 108 F.4th 114, 123–24 (2d Cir. 2024).

\* \* \*

We have considered Sheraz's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DISMISSED in part and DENIED in part**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6